1

2

3                    UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF WASHINGTON
4                            AT SEATTLE

5   TRENT H.,                              CASE NO. C19-1675 BHS

6                        Plaintiff,        ORDER AFFIRMING DENIAL OF
         v.                                BENEFITS
7
    COMMISSIONER OF SOCIAL
8   SECURITY,

9                        Defendant.

10

11                      I.        BASIC DATA

12  Type of Benefits Sought:

13       ( ) Disability Insurance

14       (X) Supplemental Security Income

15  Plaintiff's:

16       Sex:  Male

17       Age:  42 at the time of alleged disability onset.

18  Principal Disabilities Alleged by Plaintiff:  Lyme disease, anxiety, panic attacks,
    tachycardia, depression, rage, and extreme fatigue.  Admin. Record ("AR"), Dkt. # 8, at
19  130–31.

20  Disability Allegedly Began:  August 1, 2015

21  Principal Previous Work Experience:  Taxi driver, order clerk, home health aide, and
    airline security representative.

22  Education Level Achieved by Plaintiff:  College degree.

1

## II.     PROCEDURAL HISTORY—ADMINISTRATIVE

2 Before Administrative Law Judge ("ALJ") Virginia Robinson:

3       Date of Hearing:  April 25, 2018

4       Date of Decision:  October 3, 2018

5       Appears in Record at:  AR at 15–29

6       Summary of Decision:

7            The claimant has not engaged in substantial gainful activity since
April 29, 2016.  *See* 20 C.F.R. §§ 416.971–76.

8

        The claimant has the following severe impairments:  Anxiety
9 disorders and depressive disorder.  *See* 20 C.F.R. § 416.920(c).

10        The claimant does not have an impairment or combination of
impairments that meets or medically equals the severity of one of the listed
11 impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  *See* 20 C.F.R.
§§ 416.920(d), 416.925, 416.926.

12

        The claimant has the residual functional capacity ("RFC") to
13 perform light work as defined in 20 C.F.R. § 416.967(b), with limitations.
He can perform limited to simple routine tasks in a routine work
14 environment with occasional changes and simple work-related decisions.
He can have superficial interaction with coworkers.  He can have no
15 interaction with the general public but can interact without limitations with
the public on the internet and telephone.

16

        The claimant is unable to perform any past relevant work.  *See* 20
17 C.F.R. § 416.965.

18        The claimant was a younger individual (age 18–49) on the date the
application was filed.  *See* 20 C.F.R. § 416.963.

19

        The claimant has at least a high school education and is able to
20 communicate in English.  *See* 20 C.F.R. § 416.964.

21        Transferability of job skills is not material to the determination of
disability because using the Medical-Vocational Rules as a framework
22 supports a finding that the claimant is "not disabled," whether or not the

1    claimant has transferable job skills.  *See* Social Security Ruling 82–41; 20
     C.F.R. Part 404, Subpart P, App'x 2.

2

3            Considering the claimant's age, education, work experience, and
     RFC, there are jobs that exist in significant numbers in the national
     economy that the claimant can perform.  *See* 20 C.F.R. §§ 416.969,

4    416.969(a).

5  Before Appeals Council:

6        Date of Decision:  August 20, 2019

7        Appears in Record at:  AR at 1–3

8        Summary of Decision:  Denied review.

9                    **III.      PROCEDURAL HISTORY—THIS COURT**

10       Jurisdiction based upon: 42 U.S.C. § 405(g)

11       Brief on Merits Submitted by (X) Plaintiff   (X) Commissioner

12                        **IV.      STANDARD OF REVIEW**

13       Pursuant to 42 U.S.C. § 405(g), the Court may set aside the Commissioner's

14  denial of Social Security benefits when the ALJ's findings are based on legal error or not

15  supported by substantial evidence in the record as a whole.  *Bayliss v. Barnhart*, 427 F.3d

16  1211, 1214 n.1 (9th Cir. 2005).  "Substantial evidence" is more than a scintilla, less than

17  a preponderance, and is such relevant evidence as a reasonable mind might accept as

18  adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971);

19  *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  The ALJ is responsible for

20  determining credibility, resolving conflicts in medical testimony, and resolving any other

21  ambiguities that might exist.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

22  Although the Court is required to examine the record as a whole, it may neither reweigh

1  the evidence nor substitute its judgment for that of the ALJ.  *See Thomas v. Barnhart*,

2  278 F.3d 947, 954 (9th Cir. 2002).  "Where the evidence is susceptible to more than one

3  rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion

4  must be upheld."  *Id.* (citing *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599

5  (9th Cir. 1999).

6  <center>**V.      EVALUATING DISABILITY**</center>

7          Plaintiff bears the burden of proving he is disabled within the meaning of the

8  Social Security Act ("Act").  *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  The

9  Act defines disability as the "inability to engage in any substantial gainful activity" due to

10 a physical or mental impairment which has lasted, or is expected to last, for a continuous

11 period of not less than twelve months.  42 U.S.C. § 1382c(3)(A).  A claimant is disabled

12 under the Act only if his impairments are of such severity that he is unable to do his

13 previous work, and cannot, considering his age, education, and work experience, engage

14 in any other substantial gainful activity existing in the national economy.  42 U.S.C. §

15 1382c(3)(B); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098–99 (9th Cir. 1999).

16         The Commissioner has established a five-step sequential evaluation process for

17 determining whether a claimant is disabled within the meaning of the Act.  *See* 20 C.F.R.

18 § 416.920.  The claimant bears the burden of proof during steps one through four.

19 *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009).  At step

20 five, the burden shifts to the Commissioner.  *Id.*

21 <center>**VI.      ISSUES ON APPEAL**</center>

22         A.      Whether the ALJ harmfully erred at step two by failing to find Plaintiff's

1    alleged Immunoglobulin M deficiency to be a severe impairment.

2          B.      Whether the ALJ harmfully erred in rejecting statements from Plaintiff's

3    treating providers.

4          C.      Whether the ALJ harmfully erred in failing to address questionnaire

5    responses from Nazanin Kimiai, N.D., and Peter Hashisaki, M.D., regarding Plaintiff's

6    alleged Immunoglobulin M deficiency.

7          D.      Whether the ALJ harmfully erred in rejecting Plaintiff's symptom

8    testimony, in part because of Plaintiff's admitted symptom magnification.

9          E.      Whether the ALJ reasonably assessed Plaintiff's RFC.

## VII.      DISCUSSION

**A.   The ALJ Did Not Harmfully Err by Failing to Find Immunoglobulin M
Deficiency a Severe Impairment at Step Two**

Plaintiff argues the ALJ harmfully erred at step two of the disability evaluation

process by finding that Plaintiff did not have a severe impairment of immunoglobulin M

deficiency.  *See* Pl. Op. Br. (Dkt. # 10) at 4–5.  The ALJ found Plaintiff's alleged

immunoglobulin M deficiency disorder was not a medically determinable impairment

because "the record does not contain a diagnosis from an acceptable medical source

based on imaging or on medically acceptable clinical or laboratory diagnostic

techniques."  AR at 19.  The ALJ further found that Plaintiff's "presentation in the record

suggest[s] no significant functional restriction from the alleged conditions/symptoms

because it reflects little to no abnormality in any area, including musculoskeletal,

neurological, and cardiac function."  *Id.*

1    The step-two inquiry is "merely a threshold determination meant to screen out

2  weak claims." *Buck v. Berryhill*, 869 F.3d 1040, 1048 (9th Cir. 2017) (citing *Bowen v.*

3  *Yuckert*, 482 U.S. 137, 146–47 (1987)).  At step two, the ALJ must determine if the

4  claimant suffers from any impairments that are "severe."  20 C.F.R. § 416.920(c).  As

5  long as the claimant has at least one severe impairment, the disability inquiry moves on to

6  step three.  *See* 20 C.F.R. § 416.920(d).  The step-two inquiry "is not meant to identify

7  the impairments that should be taken into account when determining the RFC."  *Buck*,

8  869 F.3d at 1048–49.  At the RFC phase, the ALJ must consider the claimant's

9  limitations from all impairments, including those that are not severe.  *Id.* at 1049.  "The

10  RFC therefore should be exactly the same regardless of whether certain impairments are

11  considered 'severe' or not."  *Id.* (emphasis omitted).  Thus, a claimant cannot be

12  prejudiced by failure to consider a particular impairment severe at step two as long as the

13  ALJ finds the claimant has at least one severe impairment, and still addresses the non-

14  severe impairment when considering the claimant's RFC.  *Id.* (citing *Molina v. Astrue*,

15  674 F.3d 1104, 1115 (9th Cir. 2012)).

16    Plaintiff has failed to show harmful error.  *See Ludwig v. Astrue*, 681 F.3d 1047,

17  1054 (9th Cir. 2012) (citing *Shinseki v. Sanders*, 556 U.S. 396, 407–09 (2009)) (holding

18  that the party challenging an administrative decision bears the burden of proving harmful

19  error).  The ALJ found Plaintiff had two severe impairments, moving on to the later steps

20  of the disability evaluation process.  *See* AR at 18–19.  And the ALJ addressed Plaintiff's

21  alleged limitations from his immunoglobulin M deficiency when determining Plaintiff's

22

1    RFC.  *See* AR at 21–27.  As discussed below, the ALJ reasonably evaluated the evidence

2    supporting those alleged limitations, and thus did not harmfully err at step two.

3    **B.      The ALJ Did Not Harmfully Err in Rejecting Statements from Plaintiff's**
         **Treating Providers**

4
         Plaintiff argues the ALJ erred in rejecting "the totality of the treating opinion

5    evidence of record."  *See* Pl. Op. Br. at 5–7.  Plaintiff fails to identify any providers by

6    name, citing instead to several pages of the record without naming the author.  *See id.*

7    Based on those citations, it appears Plaintiff challenges the ALJ's evaluation of

8    statements from Dr. Kimiai, Deborah Cowley, M.D., and Marty Ross, M.D.  *See* AR at

9    375–76, 386, 400, 458.  The Court does not consider the ALJ's evaluation of any other

10   statements from Plaintiff's providers, as Plaintiff has failed to adequately challenge those

11   evaluations.  *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th

12   Cir. 2008) (declining to address one of the ALJ's findings because the claimant "failed to

13   argue this issue with any specificity in his briefing").

14       Dr. Kimiai drafted several letters explaining her treatment of Plaintiff, his

15   symptoms, and her diagnoses.  *See* AR at 375–76.  Dr. Kimiai reported Plaintiff's

16   symptoms to include chronic upper respiratory infections, shortness of breath, anxiety,

17   panic attacks, elevated blood pressure, difficulty with concentration, and poor memory.

18   *See id.*  In a letter dated October 27, 2015, Dr. Kimiai reported Plaintiff's health was

19   "slowly improving," but he was "not able to hold a full time work position at this time."

20   *See* AR at 375.  In a letter dated May 4, 2016, Dr. Kimiai reported, "[d]ue to the severity

21

22

ORDER - 7

1 | of his condition [Plaintiff] has not been able to hold a job to support his basic expenses."

2 | *See* AR at 376.

3 |       Dr. Cowley reported in her treatment notes and a letter that Plaintiff had various

4 | symptoms related to panic and anxiety, which she concluded were disabling and rendered

5 | Plaintiff unable to work. *See* AR at 386, 458. In a letter dated August 23, 2016, Dr. Ross

6 | wrote, "I have previously diagnosed [Plaintiff] with chronic Lyme disease. This

7 | condition makes it difficult for him to work." AR at 400.

8 |       The ALJ gave these providers' statements no weight. *See* AR at 27. First, the

9 | providers' statements that Plaintiff was disabled or could not work were legal conclusions

10 | rather than medical opinions, and such conclusions are reserved to the Commissioner.

11 | *See* AR at 27. Second, to the extent the statements constituted medical opinions, they

12 | were "brief, conclusory, and inadequately supported by medical findings." *Id.* Third, the

13 | providers' notes and other medical records were inconsistent with a finding of disability.

14 | *See id.*

15 |       An ALJ's reasons for rejecting a treatment provider's opinions are subjected to

16 | varying levels of scrutiny depending on the provider's qualifications. Dr. Kimiai, as a

17 | naturopathic doctor, is not an acceptable medical source under the Commissioner's

18 | regulations. *See Bales v. Berryhill*, 688 F. App'x 495, 497 (9th Cir. 2017); 20 C.F.R. §

19 | 416.902(a). The ALJ therefore needed to provide germane reasons for rejecting Dr.

20 | Kimiai's opinions. *See Dale v. Colvin*, 823 F.3d 941, 943 (9th Cir. 2017) (citing *Molina*,

21 | 674 F.3d at 1111). Dr. Cowley and Dr. Ross are medical doctors, however, and qualify

22 | as acceptable medical sources. *See* 20 C.F.R. § 416.902(a). The ALJ was accordingly

1 | required to give clear and convincing reasons to reject these doctors' uncontradicted

2 | opinions, and specific and legitimate reasons to reject their contradicted opinions.  *See*

3 | *Lester v. Chater*, 81 F.3d 830 (9th Cir. 1996).  The ALJ met her obligation under any of

4 | these standards.

5 | First, the ALJ reasonably rejected the treating providers' statements that Plaintiff

6 | was disabled or unable to work because those are issues reserved to the Commissioner.

7 | *See* 20 C.F.R. § 416.927(d)(1); *see also McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir.

8 | 2011).

9 | Second, the ALJ reasonably found the providers' statements were brief,

10 | conclusory, and inadequately supported.  *See* AR at 27.  "'The ALJ need not accept the

11 | opinion of any physician, including a treating physician, if that opinion is brief,

12 | conclusory, and inadequately supported by clinical findings.'"  *Ford v. Saul*, 950 F.3d

13 | 1141, 1154 (9th Cir. 2020) (quoting *Thomas*, 278 F.3d at 957).  Dr. Kimiai and Dr.

14 | Cowley noted that Plaintiff had symptoms such as anxiety, panic attacks, elevated blood

15 | pressure, and difficulty with concentration.  *See* AR at 375–76, 386, 458.  Dr. Ross did

16 | not identify any symptoms.  *See* AR at 400.  But none of those statements set forth any

17 | specific functional limitations.  The ALJ thus reasonably determined the providers'

18 | statements were brief and conclusory, and rejected them accordingly.  *See Turner v.*

19 | *Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223 (9th Cir. 2010).

20 | The Court need not address the ALJ's third reason for rejecting the statements of

21 | Dr. Kimiai, Dr. Cowley, and Dr. Ross because any error in that analysis was harmless.

22 | "[A]n error is harmless so long as there remains substantial evidence supporting the

1    ALJ's decision and the error 'does not negate the validity of the ALJ's ultimate

2    conclusion.'" *Molina*, 674 F.3d at 1115 (quoting *Batson v. Comm'r of Soc. Sec. Admin.*,

3    359 F.3d 1190, 1197 (9th Cir. 2004)).  The ALJ's first two reasons are enough to justify

4    rejecting these providers' statements regardless of whether the ALJ's third reason was

5    valid.  The ALJ therefore did not harmfully err.

6    **C.     The ALJ Did Not Harmfully Err in Failing to Address Questionnaire**
     **Responses from Dr. Kimiai and Dr. Hashisaki**

7
     Plaintiff argues the ALJ erred failed to adequately consider statements from Dr.

8    Kimiai and Dr. Hashisaki.  *See* Pl. Op. Br. at 2–4.  Both providers responded to yes/no

9    questionnaires from Plaintiff's counsel.  *See* AR at 462–64.  Dr. Kimiai agreed Plaintiff

10   suffered from Immunoglobulin M deficiency, and agreed this predisposed Plaintiff to

11   upper respiratory infections.  *See* AR at 462–63.  Dr. Kimiai stated she had treated

12   Plaintiff for four to six such infections since January 1, 2016.  *See* AR at 463.  Dr. Kimiai

13   reported that, on average, Plaintiff had a fever and severe symptoms for one week after

14   starting antibiotics for these infections.  *See id.*

15   Dr. Hashisaki completed a questionnaire from Plaintiff's counsel comprised of

16   three questions, all of which were identical to questions posed to Dr. Kimiai in her

17   questionnaire.  *See* AR at 462, 464.  Dr. Hashisaki agreed Plaintiff suffered from an

18   immunoglobulin M deficiency, that it was confirmed by blood work, and that this

19   condition predisposed Plaintiff to upper respiratory infections and pneumonia.  *Id.*

20   The ALJ did not address either provider's responses to Plaintiff's counsel's

21   questionnaires.  *See* AR at 26–27.  But Plaintiff has again failed to show harmful error.

22

1    *See Ludwig*, 681 F.3d at 1054 (citing *Shinseki*, 556 U.S. at 407–09).  Dr. Kimiai noted

2    Plaintiff was "predispose[d]" to upper respiratory infections, and she had treated him for

3    four to six such infections over two years as his primary care provider.  *See* AR at 462–

4    63.  But Dr. Kimiai did not express an opinion as to how frequently she expected Plaintiff

5    to suffer severe respiratory infections in the future, or what functional limitations those

6    infections would cause.  *See id.*  Dr. Hashisaki said even less, as he merely agreed

7    Plaintiff was predisposed to upper respiratory infections.  *See* AR at 464.  Plaintiff has

8    not identified any specific limitations about which the providers opined that were

9    excluded from the RFC, and has thus not shown harmful error.  *See Osenbrock v. Apfel*,

10   240 F.3d 1157, 1163–64 (9th Cir. 2001) (noting the ALJ has no obligation to include in

11   the RFC alleged limitations for which the claimant fails to present evidence).

12   **D.       The ALJ Did Not Harmfully Err in Rejecting Plaintiff's Testimony Based on
             Evidence of Symptom Exaggeration**

13
             Plaintiff argues the ALJ erred in rejecting his symptom testimony.  *See* Pl. Op. Br.

14   at 7–8.  In particular, Plaintiff argues the ALJ should have interpreted an instance in

15   which Plaintiff admitted exaggerating his symptoms as "an act of desperation and a cry

16   for help" rather than as support for rejecting Plaintiff's testimony.  *See id.*

17           The Ninth Circuit has "established a two-step analysis for determining the extent

18   to which a claimant's symptom testimony must be credited."  *Trevizo v. Berryhill*, 871

19   F.3d 664, 678 (9th Cir. 2017).  The ALJ must first determine whether the claimant has

20   presented objective medical evidence of an impairment that "'could reasonably be

21   expected to produce the pain or other symptoms alleged.'"  *Id.* (quoting *Garrison v.*

22

1    *Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014)).  At this stage, the claimant need only

2    show the impairment could have caused some degree of the symptoms; he does not have

3    to show the impairment could reasonably be expected to cause the severity of the

4    symptoms alleged.  *Id.*  The ALJ found Plaintiff met this step because his medically

5    determinable impairments could reasonably be expected to cause some of the symptoms

6    he alleged.  *See* AR at 22.

7        If the claimant satisfies the first step, and there is no evidence of malingering, the

8    ALJ may only reject the claimant's testimony "'by offering specific, clear and convincing

9    reasons for doing so.  This is not an easy requirement to meet.'"  *Trevizo*, 871 F.3d at 678

10   (quoting *Garrison*, 759 F.3d at 1014–15).  Affirmative evidence of malingering,

11   however, can alone support an ALJ's rejection of the plaintiff's testimony.  *See Schow v.*

12   *Astrue*, 272 F. App'x 647, 651 (9th Cir. 2008) (noting the existence of "affirmative

13   evidence suggesting malingering vitiates the clear and convincing standard of review")

14   (internal quotation marks omitted).

15       The ALJ found Plaintiff exaggerated his symptoms, diminishing the reliability of

16   his allegations.  *See* AR at 25. Plaintiff has failed to establish that the ALJ harmfully

17   erred in making this finding, and in relying on it to reject Plaintiff's symptom testimony.

18   *See Ludwig*, 681 F.3d at 1054 (citing *Shinseki*, 556 U.S. at 407–09).  The ALJ noted

19   Plaintiff admitted he fabricated symptoms in a report to medical providers.  *See* AR at 25,

20   109.  The ALJ further noted examining psychologist Jane Hayward, Psy.D. documented

21   numerous signs of exaggeration.  *See* AR at 25–26.  Dr. Hayward noted Plaintiff's self-

22   reports of his family, educational, employment, and substance use histories contrasted

1 with earlier reports, such that they "appear[ed] to represent confabulation, rather than

2 actual history." AR at 454. Dr. Hayward reported Plaintiff made errors during his

3 mental status exam that were so unusual they indicated an effort to exaggerate his

4 symptoms. *See* AR at 454–56. The ALJ reasonably rejected Plaintiff's symptom

5 testimony based on this evidence.

6      Plaintiff's request for an alternate interpretation of this evidence does not save his

7 claim. As long as the ALJ's interpretation of the evidence is rational, it must be upheld,

8 even if other rational interpretations exist. *See Thomas*, 278 F.3d at 954 (citing *Morgan*,

9 169 F.3d at 599). Plaintiff's argument that the ALJ should have interpreted the evidence

10 differently does not show the way the ALJ interpreted the evidence was irrational, and

11 thus Plaintiff has failed to show error.

12      **E.**     **The ALJ Did Not Err in Assessing Plaintiff's RFC**

13      Plaintiff argues the ALJ erred in assessing Plaintiff's RFC, and erred by basing her

14 step five findings on that RFC assessment. *See* Pl. Op. Br. at 8–9. This argument is

15 derivative of Plaintiff's other arguments, as it is based on the contention that the ALJ

16 failed to properly evaluate the medical evidence and Plaintiff's symptom testimony. *See*

17 *id.* Because the Court has found that the ALJ did not err in her assessment of the

18 evidence, Plaintiff's argument fails. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169,

19 1174 (9th Cir. 2008) (holding an ALJ has no obligation to include limitations in the RFC

20 that are based on properly rejected opinions and testimony).

21

22

1

**VIII.     ORDER**

2          Therefore, it is hereby ORDERED that the Commissioner's final decision denying

3    Plaintiff disability benefits is AFFIRMED and this case is DISMISSED with prejudice.

4          Dated this 19th day of June, 2020.

5

6

                                      

7                 BENJAMIN H. SETTLE
          United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER - 14